N. DENISE TAYLOR - State Bar No. 101434
JENNIFER A. SCHER - State Bar No. 244363
DEAN J. SMITH – State Bar No. 130369
**TAYLOR BLESSEY LLP**
350 S. Grand Avenue, Suite 3850
Los Angeles, CA 90071
Telephone: (213) 687-1600
Facsimile:  (213) 687-1620
dtaylor@taylorblessey.com
jscher@taylorblessey.com

Attorneys for Objector/Defendant,
JUDICIAL WATCH, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY KLAYMAN,<br><br>  Plaintiff,<br><br>v.<br><br>JUDICIAL WATCH,<br><br>  Defendant. | CASE NO.: 14-cv-1602 ABC (ASx)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OF PLAINTIFF, LARRY KLAYMAN, TO COMPEL COMPLIANCE WITH SUBPOENA TO ORLY TAITZ<br><br>Date: April 7, 2014<br>Time: 10:00 a.m.<br>Crtrm: "680" |

TO THE ABOVE-ENTITLED COURT AND TO PLAINTIFF, LARRY KLAYMAN, PRO SE:

Defendant, JUDICIAL WATCH, INC. ("Judicial Watch"), through undersigned counsel, files this memorandum in opposition to Plaintiff's Motion to Compel Compliance with Subpoena to Orly Taitz. Judicial Watch requests that this Court deny the motion for the reasons stated below.

/ / /

## MEMORANDUM IN OPPOSITION TO COMPEL COMPLIANCE WITH SUBPOENA TO ORLY TAITZ

### I.

### BACKGROUND OF FLORIDA LITIGATION

The underlying litigation is pending in the United States District Court for the Southern District of Florida (the "Florida Litigation"). In the Florida Litigation, Klayman alleges that he was defamed by a comment which suggested that he was convicted of a crime for not paying child support. At the time of the alleged statement, he was under indictment for failure to pay child support and he had been found in contempt of court on multiple occasions for failure to pay child support.

The Florida Litigation was filed on February 19, 2013. *See Complaint attached hereto as Exhibit 1.* On July 19, 2013, the Court issued an "Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge" and set a deadline of January 31, 2014 to complete discovery. *See Scheduling Order, Exhibit 2.*

### II.

### THE TAITZ SUBPOENA

The subpoena directed to Orly Taitz is attached hereto as Exhibit 2. It was served on Orly Taitz on January 20, 2014 and attempted to schedule the deposition for January 30, 2014. The subpoena was not served by Plaintiff on counsel for Defendant. Counsel for Judicial Watch received a Notice of Deposition on January

OPPOSITION TO MOTION OF PLAINTIFF,
LARRY KLAYMAN, TO COMPEL COMPLIANCE WITH SUBPOENA TO ORLY TAITZ

24, 2014. A copy of the Notice of Deposition is attached hereto as *Exhibit 3*. Counsel for the Defendant was not available for the deposition as scheduled. *Please see email correspondence attached as Exhibit 4.*

The subpoena to Taitz indicates that it is issued from "The United States District Court for the Central District of California" and it includes the Florida case number. No California case was pending at the time of the issuance and service of the subpoena.

### III.

### THE TAITZ SUBPOENA IS PROCEDURALLY DEFECTIVE

Pursuant to Rule 45(a)(2) of the Federal Rules of Civil Procedure "A subpoena must issue from the court where the action is pending."

The subpoena to Tatiz was not issued from the court where the action is pending. The action is pending in the United States District Court for the Southern District of Florida and the subpoena purports to be issued from the United States District Court for the Central District of California, although it contains the Southern District of Florida case number, but without identifying the case as pending in the Southern District of Florida. *See Subpoena, Exhibit 7.* The subpoena does not comply with Rule 45(a)(2) (eff. 1/1/13), which requires the subpoena be issued by the court in which the action is pending. This was previously pointed out to plaintiff by the Magistrate Judge in the Southern District of Florida, Honorable Cecilia M. Altonaga, in denying plaintiff's motion to compel the deposition in that court. *See*

*Amended Order Following Discovery Conference, Exhibit 6.*

The subpoena also fails to comply with the Local Rule 26.1(i) of the United States District Court for the Southern District of Florida, which states, "a party desiring to take the deposition in another State of any person upon oral examination shall give at least fourteen (14) days notice in writing to every other party to the action and the deponent (if the deposition is not of a party)." *See Local Rules, So. Dist. Florida, Exhibit 5.* Klayman did not give appropriate notice to either Taitz or counsel for Judicial Watch.

The Taitz subpoena was procedurally defective and, accordingly, Judicial Watch submits that the motion to compel should be denied.

## IV.

## DISCOVERY IS CLOSED IN FLORIDA

Discovery in the Florida Litigation closed on January 31, 2014. *Please see Pre-Trial Scheduling Order, Exhibit 2.* At the present time, Plaintiff is not entitled to conduct discovery in the Florida Litigation. The Motion to Compel should be denied on this basis alone.

## V.

## THE MOTION TO COMPEL IS PROCEDURALLY DEFECTIVE

The Motion to Compel suffers from numerous procedural defects. First, the Motion to Compel was not served on counsel for Judicial Watch or on Orly Taitz. Fed. Rules of Civ. Proc., Rule 5(a).

Plaintiff has not given proper notice for the motion. The proof of service indicates that it *was not* served by mail or any other means by Plaintiff. Rather, it appears that Plaintiff relied on the belief that notice would be transmitted electronically by the CM/ECF system upon filing and that such service would be sufficient. That rule, however, only applies when the party or attorney to be served has consented to receive service through the CM/ECF System. *See Central District Rule 5-3.2.1.* "Individuals not registered for the CM/ECF System, or who have not consented to receive service through the CM/ECF System must be served in accordance with FRCP, Rule 5 (i.e., mail, personal service, express mail)." Plaintiff is seeking relief against Taitz and there is absolutely no indication that Klayman served Taitz by any means.

Second, Klayman failed to comply with Rule 37 of the Local Rules of this Court. Plaintiff failed to present a joint stipulation, as required by Rule 37.2 or submit copies of any of the documents related to the dispute. Plaintiff did not produce a copy of the subpoena at issue.

Third, Klayman makes the generic statement that the motion is filed after conference with counsel conducted pursuant to Local Rule 7.3. Klayman does not state that he conferred with Taitz, despite the fact that Klayman is seeking relief from and against Taitz. Fed. Rules of Civ. Proc., Rule 37(a).

/ / /

/ / /

# V.

# CONCLUSION

For the reasons stated above, Judicial Watch respectfully submits that Plaintiff's Motion to Compel should be denied.

DATED: March 17, 2014

TAYLOR BLESSEY LLP

By: /s/ N. Denise Taylor
N. DENISE TAYLOR
JENNIFER A. SCHER
Attorneys for Defendant,
JUDICIAL WATCH. INC.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 350 South Grand Avenue, Suite 3850, Los Angeles, California 90071.

On March 17, 2014, I served the foregoing document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OF PLAINTIFF, LARRY KLAYMAN, TO COMPEL COMPLIANCE WITH SUBPOENA TO ORLY TAITZ** on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

☒ **(BY MAIL)** I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on March 17, 2014, at Los Angeles, California.

Maggie Bravo
Type or Print Name                                  Signature

## SERVICE LIST

### *Klayman v. Judicial Watch, et al.*

CD Cal. Case No. 14-cv-1602

So. Dist. Fl. Case No. 13-cv-20610

| | |
|---|---|
| LARRY KLAYMAN, ESQ.<br>2520 Coral Way, Suite 2027<br>Miami, FL 33145<br>Telephone: (310) 595-0800<br>Email: leklayman@gmail.com | Plaintiff |
| Orly Taitz<br>29839 Santa Margarita Pkwy.<br>Racho Santa Margarita, CA 92688 | Non-Party Deponent |
| DOUGLAS JAMES KRESS<br>Schwed Kahle & Jenks, P.A.<br>11410 North Jog Road<br>Palm Beach Gardens, FL 33418<br>Email: dkress@schwedpa.com<br>(Courtesy Copy) | Attorneys for Defendant,<br>JUDICIAL WATCH, INC. |

OPPOSITION TO MOTION OF PLAINTIFF,
LARRY KLAYMAN, TO COMPEL COMPLIANCE WITH SUBPOENA TO ORLY TAITZ