UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1602 ABC (ASx) | Date | March 25, 2014 |
|---|---|---|---|
| Title | Larry Klayman v. Judicial Watch | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Angela Bridges | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** ORDER DENYING PETITION TO ENFORCE SUBPOENA
(In Chambers)

Pending before the Court is Petitioner Larry Klayman's Petition to Enforce Compliance with Subpoena ("Petition"), filed on March 4, 2014. Respondent Judicial Watch, Inc. ("Respondent") filed an Opposition and Petitioner filed a Reply. The Court will resolve this matter without oral argument and therefore **VACATES** the April 7, 2014 hearing. See Fed. R. Civ. P. 78, Local Rule 7-15. For the following reasons, the Petition is **DENIED**.

**DISCUSSION**

Petitioner asks this Court to enforce a subpoena ordering third party Orly Taitz to appear for a deposition and produce documents (the "Taitz Subpoena"). Petitioner seeks this discovery in connection with a lawsuit he filed against Respondent in the U.S. District Court for the Southern District of Florida. The Petition is **DENIED** on the following grounds.

First, Petitioner did not attach the relevant documents (e.g., the Taitz Subpoena) to his Petition. As such, Petitioner did not meet his burden of going forward.

Second, the Taitz Subpoena – attached as Exhibit 7 to the Opposition – is deficient in several respects. Southern District of Florida Magistrate Judge Andrea Simonton described these deficiencies in her February 21, 2014 Order denying Petitioner's Motion to Compel Taitz's appearance for a deposition. See Order, Opp'n Exh. 6. As Judge Simonton noted, Petitioner has not shown that he served Taitz with the subpoena. Petitioner claims he did serve Taitz and purports to attach the proof of service to his memorandum, but the memorandum has no attachments. The Taitz Subpoena's proof of service page is blank. A Notice of Deposition (attached to the Opposition, Exh. 3) purports to have served counsel for Respondent, and states that pro se parties on the attached service list were served, but the service list does not identify Taitz. In short, Petitioner has not cured his lack of service problem. Petitioner's subpoena also fails to comply with Fed. R. Civ. P. 45: this rule requires a deposition subpoena to be issued from the court where the action is pending (S.D. Fl.), but Petitioner obtained his subpoena from a different court (C.D. Cal.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1602 ABC (ASx) | Date | March 25, 2014 |
|---|---|---|---|
| Title | Larry Klayman v. Judicial Watch | | |

Third, the Scheduling Order in the Florida litigation shows that the discovery deadline passed on January 31, 2014.  See Scheduling Order, Opp'n Exh. 2.  As such, it appears that Petitioner is no longer entitled to conduct discovery for in the Florida litigation.

Petitioner also asks the Court to transfer this Petition to the Southern District of Florida.  In light of the foregoing, the subpoena is simply not enforceable, so transferring its enforcement is not a viable alternative to outright denying the Petition.

For the foregoing reasons, the Petition is **DENIED**.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    AB